UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LESLIE A. TROHA,

Plaintiff,

Case No. 26-cv-929-pp

v.

DAVID O. HUGHES,

Defendant.

**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER. (DKT. NO. 2), DENYING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 3), SCREENING COMPLAINT AND DISMISSING CASE**

On May 22, 2026, the plaintiff, who is representing herself, filed a complaint alleging that "Local city of Kenosha officials" had violated her constitutional rights. Dkt. No. 1. The plaintiff also filed a motion for a temporary restraining order, dkt. no 2, and a motion for leave to proceed without prepaying the filing fee, dkt. no. 3. This order screens and dismisses the complaint, denies the motion for leave to proceed without prepaying the filing fee and denies the motion for a temporary restraining order.

I.     **Motion to Proceed without Prepaying the Filing Fee (Dkt. No. 3)**

To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

1

The plaintiff did not use the court's standard form for a motion for leave to proceed without prepaying the filing fee. The motion says that the plaintiff is unable to pay the filing fee because of "poverty and ongoing financial exploitation by the state court network[.]" Dkt. No. 3 at 1. It states that the plaintiff is divorced and has one dependent. Id. The motion says that the plaintiff has been unemployed since December 31, 2024, and that in the last twelve months she has received $3,800 from SNAP and $7,964 from Social Security disability. Id.

The plaintiff did not provide enough information for the court to determine whether she can pay the filing fee—she did not include any information about her savings or checking accounts, or about other assets. She did not provide information about her monthly expenses. The reason the court requires plaintiffs to use its form is because that form asks for the information the court needs to be able to decide whether a plaintiff should be allowed to proceed without prepaying the filing fee. The court will deny the plaintiff's motion.

## II.    Screening the Complaint

Although the court is denying the plaintiff's motion to proceed without prepaying the filing fee, the court nonetheless will screen the plaintiff's complaint under 28 U.S.C. §1915(e)(2). See Slaughter v. First Am. Bank, Case No. 24-cv-75-pp, 2024 WL 5238632 at *1 (E.D. Wis. Dec. 27, 2024) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status.").

2

### A. Standard for Screening Complaint

The court must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

### B. Plaintiff's Allegations

The plaintiff's complaint consists of four typed pages of allegations. Dkt. No. 1. The complaint stems from a state criminal case, in which the plaintiff is the defendant, State of Wisconsin v. Troha, Kenosha County Case No. 2025CM001211 (available at https://wcca.wicourts.gov). The plaintiff was charged in state court with two counts of disorderly conduct and one count of

3

resisting an officer. She alleges that the judge presiding over that case and other officials have violated her First, Fourth, Sixth, and Fourteenth Amendment rights. Id. at 1–2. She specifically names only the presiding judge, Judge Hughes of the Kenosha County Circuit Court. Id.

The plaintiff alleges that officials were planning to execute a warrant against her based on fabricated evidence, in violation of the Fourth Amendment. Id. at 1. She claims that city officials altered "historical inmate database records by backdating future mailing address into past arrest profiles." Id. The plaintiff alleges that Judge Hughes is violating her Sixth Amendment rights by locking her out of the court's e-filing system and forcing her to keep "unauthorized counsel." Id. She appears to claim that she was denied bail and then locked up longer than she should have been. Id. The plaintiff says that she asked that Judge Hughes recuse himself from her case. Id.

The plaintiff asserts that Judge Hughes violated her First Amendment rights by cutting off her speech at a hearing. Id. at 2. The plaintiff alleges that "state actors" fabricated courthouse video footage, "CCAP" summaries and the criminal report. Id. She argues this was in violation of her Fourteenth Amendment rights. Id. The plaintiff also lists other alleged Fourteenth Amendment violations, including the right to an attorney, the right to a speedy and fair trial and the right to toilet paper in jail. Id.

The plaintiff asserts that she faced "an immediate and absolute deprivation of physical liberty" if the court did not quash the allegedly

4

unconstitutional warrant scheduled for execution at 5:00 PM on May 22, 2026 (the same day she filed her federal complaint). Id.

In the section entitled "Prayer for Emergency Federal Relief," the plaintiff requests the following relief from the court:

> 1.**ISSUING** an immediate Temporary Restraining Order halting the enforcement or execution of any state-level bench warrants or capiases issued against Plaintiff by the Kenosha County Circuit Court;
> 2.**Issuing a Quash of the bench warrant.**
> 3.**ENJOINING** the Defendants from conducting any further proceedings in this matter until an outside, neutral federal magistrate can review the tampered electronic records, falsified CCAP entry logs, and altered video files; and
> 4.**ORDERING** the immediate removal of the unauthorized attorney from the state court case profile to restore Plaintiff's constitutional access to the court record.
> 5.**Ordering if possible, a Dismissal with prejudice of all criminal charges.**

Id. at 4.

The plaintiff attached a "Sworn Statement of Evidence Suppression." Dkt. No. 1-1 at 1. In this document, the plaintiff alleges that Kenosha County District Attorney Xavier Solis would not release certain documents (she does not explain which documents) related to her arrest. Id. at 1. She alleges that the Kenosha jail refused to give her copies of records which showed she was living at a certain address. Id. She alleges that the Kenosha Records Department refused to give her footage from the lobby cameras of the Kenosha Public Safety building to prove that a receptionist did not let her sign a certain document. Id.

The plaintiff also attached the docket for her Kenosha County case. Id. at 2–7.

5

C. <u>Analysis</u>

According to the publicly available state-court docket, there is a misdemeanor case pending against the plaintiff in Kenosha County Circuit Court before Judge David O. Hughes, in which the plaintiff faces one charge of resisting an officer and two charges of disorderly conduct. <u>State of Wisconsin v. Troha</u>, Case No. 2025CM001211 (Kenosha County Circuit Court) (available at https://wcca.wicourts.gov). The docket shows that on April 14, 2026, Judge Hughes scheduled a status conference for May 6, 2026 at 8:45 a.m. By 8:48 a.m., the plaintiff was not in court. Judge Hughes issued a bench warrant with a $150 bond for the plaintiff but stayed the warrant until May 22, 2026. <u>Id.</u> On May 28, 2026, the warrant was authorized and issued. <u>Id.</u> It appears that on June 27, 2026, someone paid the $150 bond and Judge Hughes canceled the warrant. <u>Id.</u> He then scheduled a hearing titled "return on warrant" for July 9, 2026. <u>Id.</u> The plaintiff did not appear for this July 9 hearing. <u>Id.</u> Judge Hughes then authorized a warrant with $500 bond. <u>Id.</u> On July 10, 2026 the warrant was issued, and it appears that it remains pending. <u>Id.</u>

A federal court cannot insert itself into an ongoing state criminal proceeding. <u>Younger v. Harris</u>, 401 U.S. 37, 53–54 (1971). <u>Younger</u> "directs federal courts to abstain from exercising jurisdiction over federal claims that seek to interfere with pending state court proceedings." <u>J.B. v. Woodard</u>, 997 F.3d 714, 722 (7th Cir. 2021) (citing <u>Younger</u>, 401 U.S. at 43–44). A federal court can avoid this directive only if there are circumstances that create "an extraordinarily pressing need for immediate federal equitable relief, not merely

6

in the sense of presenting a highly unusual factual situation." <u>Kugler v. Helfant</u>, 421 U.S. 117, 125 (1975). The plaintiff's allegations do not demonstrate "an extraordinarily pressing need for immediate federal equitable relief." <u>See</u> <u>id.</u> She is simply asking this federal court to stop the state-court criminal proceedings against her—something that this court does not have the authority to do.

To the extent that the plaintiff argues that the warrant for her arrest was unlawful, that her due process rights have been violated, that her Sixth and First amendment rights have been violated and that evidence has been fabricated, she has an avenue for addressing these claims. She can appear in state court and raise these claims with Judge Hughes. But she cannot raise the claims with this federal court unless and until her state-court case is completed, including any appeals if she is unsuccessful at the trial level.

Even if this federal court had the authority to insert itself into the plaintiff's ongoing criminal proceeding, she would not have a cause of action against Judge Hughes. "Judges are generally entitled to absolute immunity from suit for their judicial conduct." <u>Schneider v. C'nty of Will</u>, 366 F. App'x 683, 684 (7th Cir. 2010) (citations omitted). "Judges have immunity for judicial acts even if they act erroneously, maliciously, or in excess of their authority . . . ." <u>Bertha v. Hain</u>, 787 F. App'x 334, 338 (7th Cir. 2019). That means that Judge Hughes likely is immune from liability, regardless of the plaintiff's claims against him.

7

The court will dismiss the plaintiff's complaint. And for the same reasons, the court will deny the plaintiff's motion for a temporary restraining order, dkt. no. 2, which is identical to her complaint. <u>See</u> Dkt. Nos. 1, 2.

Before seeking relief in federal court, the plaintiff must complete the state-court process. If, at the end of her Kenosha County Circuit Court case, the plaintiff is convicted, she then must give the state courts a full and fair opportunity to resolve any constitutional issues. In other words, she must appeal to the Wisconsin Court of Appeals and, if she is unsuccessful there, must seek review by the Wisconsin Supreme Court. Only after the plaintiff has completed one complete round of the Wisconsin state appellate review process may the plaintiff return to federal court to seek federal relief.

## III. Conclusion

The court **DENIES** the plaintiff's motion for a temporary restraining order. Dkt. No. 2.

The court **DENIES** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 3.

The court **ORDERS** that the case is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which a federal court can grant relief. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 23rd day of July, 2026.

BY THE COURT:

HON. PAMELA PEPPER
Chief United States District Judge

8